UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

JONATHAN D. HUNTINGTON,

        Petitioner,

v.                                        Case No: 2:13-cv-386-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.[1]

_____

## ORDER OF DISMISSAL

Petitioner Jonathan D. Huntington ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. #1) on May 21, 2013.[2] Petitioner is proceeding *pro se*, and

---

[1] The proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action. Rumsfield v. Padilla, 542 U.S. 426, 435-36 (2004); Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

is presently confined at Walton Correctional Institution in Defuniak Springs, Florida.

The Court ordered Respondent to show cause why the relief sought in the petition should not be granted. (Doc. #11.) On January 7, 2014, Respondent filed a limited response incorporating a motion to dismiss the habeas petition as time-barred. (Doc. #24.) Respondent submits exhibits (Exs. 1-27) in support of the Response. (See Appendix of Exhibits.) Petitioner filed a reply on January 28, 2014. (Doc. #28.) This matter is ripe for review.

After carefully examining the petition, Respondent's motion to dismiss, the state court record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

## I. Background and Procedural History

Petitioner entered a no contest plea to burglary of a dwelling. (Ex. 2.) On July 10, 2008, Petitioner was sentenced to two years community control followed by three years of probation. (Ex. 3.) Petitioner did not appeal his conviction or sentence.

On March 16, 2010, Petitioner admitted to violating the terms of his community control. (Ex. 4, 4a.) The trial court accepted Petitioner's plea, revoked his community control, and sentenced Petitioner to ten years imprisonment. (Ex. 4a.)

On April 14, 2010, Petitioner filed a motion to withdraw his plea due to his bi-polar diagnosis. (Ex. 7.) While the motion to withdraw plea was pending, Petitioner filed a motion to mitigate sentence on May 24, 2010. (Ex. 11.) The court denied the motion on June 15, 2010, finding it untimely. (Ex. 12.) Petitioner did not appeal.

On June 18, 2010, Petitioner filed a *pro se* motion for post-conviction relief. (Ex. 14.) On June 24, 2010, the post-conviction court entered an order striking the motion as a nullity because the Petitioner remained represented by counsel. (Ex. 15.) Petitioner filed another post-conviction motion on August 23, 2010, which the court denied as facially insufficient and for lack of proper oath. (Ex. 16; Ex. 17.) Petitioner did not appeal.

On October 29, 2010, after an evidentiary hearing, the circuit court denied Petitioner's motion to withdraw plea. (Ex. 18; Ex. 19.) Petitioner filed another motion for post-conviction relief on October 13, 2010 which was denied as untimely and successive. (Ex. 20.) On March 21, 2011, Petitioner filed a "Supplement to Defendant's Motion for Post-Conviction Relief" which was denied as untimely and successive. (Ex. 23.)

On May 21, 2013, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. 24.) Petitioner sought leave to supplement his Rule 3.850 motion with a claim of actual innocence. (Ex. 25.) Neither pleading was

ruled on before Petitioner filed the instant Petition for federal habeas corpus relief on May 21, 2013. (Doc. #1.) Petitioner has not sought review in the state appellate court on any of his state court proceedings.

## II. **Analysis**

### A. **A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

### B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Respondent asserts that the instant petition is untimely because it was filed more than one year after Petitioner's judgment became final. (Doc. #24.) Petitioner acknowledges the Petition is untimely. (Doc. #28.)

The judgment and sentence Petitioner is now serving was rendered on October 29, 2010. (Ex. 7; Ex. 12.)[3] Petitioner did not appeal the judgment. See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal

---

[3]The instant Petition is also untimely using the date of the original judgment and sentence rendered on July 10, 2008. Petitioner's original plea-based judgment of conviction and sentence became final on August 10, 2008 giving Petitioner until on **August 10, 2009** to file his federal habeas petition.

- 5 -

case is commenced by filing a notice of appeal "at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."). Therefore, Petitioner's plea-based judgment of conviction and sentence became final upon expiration of the time for appeal on November 29, 2010, that is, thirty (30) days after the October 29, 2010, rendition of the order denying his motion to withdraw his plea.

Consequently, Petitioner had until on **November 29, 2011** to file his federal habeas petition. <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing <u>Ferreira v. Sec'y Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's federal habeas petition was filed on May 21, 2013. Therefore, it was filed 539 days late unless tolling principles apply to render it timely.

 **C. Statutory tolling of Petitioner's habeas corpus petition**

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

Petitioner filed a "Supplemental Post-Conviction Motion" on March 21, 2011 and was denied by the state court as untimely.

(Ex. 22; Ex. 23.)  Therefore Petitioner's motion does not operate to toll the AEDPA statute of limitation because it was not "properly filed."  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Furthermore, Petitioner's post-conviction motion filed on May 21, 2013 was filed past the one-year AEDPA time period which expired on November 29, 2011.  (Ex. 24; Ex. 25.)  Petitioner's untimely post-conviction motion does not toll the AEDPA statute of limitations because the AEDPA limitations period had already expired.  "[W]here a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot toll the limitations period because 'once a deadline has expired, there is nothing left to toll.'"  Jones v. Sec'y, Florida Dep't of Corr., 499 F. App'x 945, 951 (11th Cir. 2012) (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Because Petitioner's post-conviction motions were not properly filed and were filed after the AEDPA statute of limitations had ran, the Petitioner is not entitled to statutory tolling. Thus, the instant Petition is subject to dismissal unless Petitioner is entitled to equitable tolling. The Petitioner concedes that the instant Petition is untimely but asserts that he is entitled to equitable tolling.

**D.   Equitable tolling of Petitioner's habeas corpus petition**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645. Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized that equitable tolling "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (finding "rare circumstances" merit a finding of equitable tolling).

Petitioner first argues that he is entitled to equitable tolling because of his mental conditions of bipolar disorder and

manic depression. (Doc. #1, p. 12.) Petitioner asserts these mental conditions impeded his ability to timely file the instant Petition. (Id.) Petitioner also alleges his incompetence, misunderstanding, and confusion regarding his prosecution, judgment, and sentence entitles him to equitable tolling. (Id. at p. 13.)

The Eleventh Circuit has held that an allegation of mental incompetency, without a showing of a causal connection between the incompetence and the failure to file a timely application, does not justify equitable tolling. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005), aff'd, 549 U.S. 327 (2007); see Fox v. McNeil, 373 Fed. App'x 32, 34 (11th Cir. 2010) (per curiam) (finding petitioner had not met his burden to prove that equitable tolling was appropriate where he had "failed to establish a causal link between his claims of mental incompetence and the untimely filing of his federal habeas corpus petition"), cert. denied, 131 S. Ct. 1047 (2011); United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (finding the pro se defendant's alleged mental disorders did not justify equitable tolling of the one-year limitations period, absent a showing that his condition resulted in "profound mental incapacity").

Petitioner provides no explanation of how his mental illness prevent him from timely filing the instant Petition. Furthermore, Petitioner's alleged mental illness has not prevented him from

filing the instant Petition along with other various motions in this Court *pro se*. Therefore, Court finds Petitioner has not established a causal connection between his alleged mental incapacity and his ability to file a timely petition. There is no evidence that Petitioner was ever declared incompetent or that Petitioner is presently incompetent. Petitioner has failed to provide evidence that his alleged mental illness created an extraordinary circumstance sufficient to justify the application of equitable tolling. Accordingly, the Court finds Petitioner is not entitled to equitable tolling on the grounds he was suffering from any mental illness or incompetency.

Petitioner next asserts the Department of Corrections confiscated exculpatory evidence which prevented him from timely filing the instant Petition. (Id. at p. 12.) The Petitioner claims in November 2010, the Correction Officers at Lake Butler Correctional Institution destroyed the exculpatory video surveillance evidence. (Doc. #1, p. 12.) There is no indication when Petitioner received this evidence or why it was not presented to the Court before November 2010. Petitioner fails to allege why the confiscation of this evidence impeded his ability to file a timely petition. Accordingly, the Court finds Petitioner is not entitled to equitable tolling on the grounds that exculpatory evidence was confiscated.

To the extent Petitioner relies on Martinez v. Ryan, 132 S. Ct. 1309 (2012) to support equitable tolling, such reliance is misplaced. The Martinez case dealt with "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Id. at 1313. Petitioner has not cited any cases holding that Martinez provides for equitable tolling of the AEDPA statute of limitations. Moreover, the Eleventh Circuit has expressly rejected the argument that Martinez applies to overcome the AEDPA statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

**E.   Actual Innocence**

Petitioner concedes that his § 2254 petition is untimely under the AEDPA, but asserts that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. A district court may entertain an untimely § 2254 petition where the petitioner asserts a credible claim of actual innocence. See San Martin v. McNeil, 633 F.3d 1257, 1267–68 (11th Cir. 2011). This exception applies to cases in which new evidence shows it is more

likely than not that no reasonable juror would have convicted the petitioner. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013).

The Supreme Court held that a prisoner otherwise subject to procedural bars on the filing of abusive or successive writs of habeas corpus may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 326-27 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324.

Here, Petitioner seeks to present video evidence that shows that he is actually innocent of the crimes to which he pled guilty. However, this evidence is neither new nor reliable as required by Schlup. Attached to the Petition as an exhibit is a police report which discusses the video surveillance that Petitioner now alleges is exculpatory. (Doc. #1-2.) Furthermore, Petitioner provides an exhibit showing a correspondence from Lisa L. Henschen was submitted to the circuit court on November 17, 2011 which discusses having video evidence showing Petitioner's innocence. (Doc. #1-4.) This letter was sent before the November 29, 2011 expiration of the AEDPA limitations period. Furthermore, Petitioner does not explain when and how Petitioner became aware of the existence of

the allegedly exculpatory evidence or his process for obtaining such evidence.

"In order to qualify as 'new,' the evidence must not have been available at trial and could not have been discovered earlier through the exercise of due diligence." Marshall v. McDonough, 2008 WL 1897595, at *5 (M.D. Fla. Apr. 25, 2008) (citing Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005)). See also United States v. Starr, 2008 WL 1868030, at *1 (10th Cir. Apr. 28, 2008) (victim's statements were not "new" evidence where statements were made and available before trial, had been discovered by defense counsel before trial, and could have been presented at trial).

It is clear from the record that the video surveillance evidence was available at the time Petitioner entered his plea. Given the availability of the evidence prior to the time Petitioner entered his plea, it does not qualify as "new reliable evidence." Accordingly, Petitioner cannot meet the threshold showing of actual innocence. See House v. Bell, 547 U.S. at 536-37. Therefore, Petitioner is not entitled to have the untimeliness of his § 2254 petition excused based on the actual-innocence exception.

### III. Conclusion

The instant Petition was filed after the expiration of the AEDPA statute of limitations. Petitioner has failed to articulate extraordinary circumstances that would entitle him to equitable

tolling of the federal limitations period. See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (emphasizing a petitioner's burden in establishing entitlement to equitable tolling). Neither has Petitioner exercised the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. See Lawrence, 421 F.3d at 1226. Furthermore, Petitioner has failed to show that the untimeliness of the Petition should be excused pursuant to the actual-innocence exception. Based on the foregoing, the Court does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, this petition for writ of habeas corpus is dismissed as time barred pursuant to 28 U.S.C. § 2244(d).

**IV. Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or

that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a Certificate of Appealability.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   1st   day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record